UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DERRY A. JACKSON,

        Plaintiff,

      v.                             Civil No. 08-252-HA

CITY OF PORTLAND, OFFICE OF        OPINION AND ORDER
TRANSPORTATION, SHERRY LAYMAN,
GREGORY FRANK, and JANE DOE,

        Defendants.

_____

HAGGERTY, District Judge:

      *Pro se* plaintiff brings suit against the City of Portland and several of its employees for

events surrounding the towing of his automobile.  Plaintiff alleges that this seizure violated his

rights, and asserts several federal and state law claims.  For the following reasons, defendants'

Motion for Summary Judgment [12] is granted.

1 - OPINION AND ORDER

## STANDARDS

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see Bahn v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). The moving party carries the initial burden of proof and meets this burden by identifying portions of the record on file that demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the initial burden is satisfied, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id.*

The court must view the evidence in the light most favorable to the non-moving party. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citations omitted). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *MetroPCS, Inc. v. City and County of S.F.*, 400 F.3d 715, 720 (9th Cir. 2005) (citation omitted). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981) (citing Fed. R. Civ. P. 56(c)).

Before dismissing a *pro se* complaint, the court should instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). However, the court may dismiss a *pro se* complaint outright when it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

## BACKGROUND

The following facts are undisputed and are stated in the light most favorable to the non-moving party.

Sherry Layman is employed by the City of Portland's Abandoned Autos Section. Defs.' Concise Statement of Material Facts at 1-2. On November 1, 2007, Layman inspected plaintiff's automobile and saw that the right rear tire of the vehicle was flat. Portland City Code § 16.90.005 prohibits parking vehicles that are "inoperative or disabled" on public streets. Pursuant to § 16.90.005, Layman placed a bright green "Tow Warning" sticker on plaintiff's automobile. Layman Aff. at 3. The sticker indicated that the automobile would be towed if it was not "completely removed from the public right of way" within seventy-two hours. Layman Aff., Ex. 1.

There is some disagreement as to whether the "Tow Warning" notice was properly affixed to plaintiff's automobile; plaintiff alleges that his car was covered by a tarpaulin and that the sticker would not stick to the rough surface of the tarpaulin. Although plaintiff claims that the warning notice fell off his car, plaintiff admits that he discovered the sticker "on or about the 5th [of November], on the ground near his car." Pl.'s Resp. to Defs.' Concise Statement of Material Facts at 2; Compl. at 3 (indicating that plaintiff "discovered the alleged violation November 6th"). In addition, plaintiff admits that he understood that the sticker belonged to his automobile, because he "recognized the license plate number listed on the notice [was] that of his own vehicle." Compl. at 3.

On November 7, plaintiff called the City of Portland Abandoned Autos department about the warning notice. Moede Aff., Ex. 6 at 41. On November 8, plaintiff called the department a second time and spoke with Layman about his situation. *Id.*

On November 9, Layman discovered that plaintiff's automobile was "located in the same block and the right rear tire was still flat." Layman Aff. at 3. At approximately 8:55 a.m., Layman issued a citation to the vehicle. *Id*. Plaintiff concedes that he discovered this second citation at "about 10 maybe 11 AM." Compl. at 6. At approximately 5:55 p.m., plaintiff's automobile was towed. Layman Aff. at 3.

Plaintiff was informed that he could contest the validity of the tow at a hearing. Although plaintiff asserts that he did not receive written notice of the upcoming hearing, plaintiff admits that he was "advised by staff at the hearings office by phone [] a number of days" before the hearing. Pl.'s Resp. to Defs.' Concise Statement of Material Facts at 3.

An administrative hearing was held in front of Tow Hearings Officer Gregory Frank on November 21. Plaintiff appeared and represented himself. Hearings officer Frank heard testimony from plaintiff, Layman, and Michael Johnson, a City of Portland employee. At the conclusion of the hearing, Frank ruled that Layman had followed the relevant rules and that the tow was valid. Plaintiff was informed that he could appeal this decision by "taking it to Circuit Court." Moede Aff., Ex. 6 at 48. On November 28, 2007, the hearings officer issued a written decision. This written decision again notified plaintiff that the hearings officer's determination "may be appealed to a court of competent jurisdiction pursuant to ORS 34.010 et seq." Frank Aff., Ex. 9 at 5. In addition, Portland City Code § 22.10.060 specifies that "appeals from any determination by the Code Hearings Officer shall be by writ of review to the Circuit Court of Multnomah County, Oregon, as provided in ORS 34.010-34.100."

Plaintiff did not file an appeal in Oregon state court. Instead, plaintiff filed a complaint in federal court on February 28, 2008.

## DISCUSSION

Plaintiff claims that the actions of Layman and Frank violated his Fourth Amendment rights against unreasonable seizure of property.  Plaintiff alleges that defendants treated him differently because of his race, thereby violating the Equal Protection Clause.  Plaintiff also brings claims for malicious prosecution, intentional infliction of emotional distress, and negligence by the City of Portland.

Defendants seek summary judgment on a number of bases.  Defendants argue, *inter alia*, that plaintiff's failure to appeal the hearings officer's decision in Oregon state court precludes federal judicial review.  Because this court agrees, a discussion of defendants' other arguments is unnecessary.

This court has recently addressed whether administrative hearings are entitled to preclusive effect.  *See Webber v. Giffin*, No. 07-1675-KI, 2008 WL 5122702 at *3-*5 (D. Or. Dec. 3, 2008) (discussing whether an administrative hearing held by the state of Oregon Water Resources Commission precludes litigation in federal court).  As a matter of federal common law, "[w]hen a state agency acts in a judicial capacity to resolve disputed issues of fact and law properly before it, and when the parties have had an adequate opportunity to litigate those issues, federal courts must give the state agency's fact-finding and legal determinations the same preclusive effect to which it would be entitled in that state's courts."  *Olson v. Morris*, 188 F.3d 1083 (9th Cir. 1999).  Thus, the "threshold inquiry" is whether the administrative proceeding "meets the state's own criteria necessary to require a court of that state to give preclusive effect to the state agency's decisions."  *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1033 (9th Cir. 1994).

Oregon courts apply both issue preclusion and claim preclusion to administrative proceedings. *See Drews v. EBI Cos.*, 795 P.2d 531, 535 (Or. 1990). Under Oregon law, a party is prohibited from relitigating the same issue in another proceeding if: (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final determination on the merits in the prior proceeding; (3) the party to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party to be precluded was a party or was in privity with a party in the prior proceeding; and (5) the prior proceeding was the type of proceeding to which the court would give "preclusive effect." *Nelson v. Emerald People's Util. Dist.*, 862 P.2d 1293, 1296-97 (Or. 1993). The last factor is evaluated by looking at whether the administrative forum had formal and comprehensive procedures; whether the procedures were trustworthy; whether the application of issue preclusion would facilitate prompt, orderly and fair problem resolution; and whether the same quality of proceedings and opportunity to litigate is present in both proceedings. *Id*. at 1297 n. 4.

Under Oregon law, a party is precluded from relitigating the same claim against the same defendant if the second action is based on the same factual transaction at issue in the first action, seeks an additional remedy to the one requested earlier, and the claim could have been joined in the first action. *Drews*, 795 P.2d at 535. "Claim preclusion does not require actual litigation of an issue of fact or law, as does issue preclusion. Nor does it require that the determination of the issue be essential to the final or end result reached in the action, claim, or proceeding." *Id*.

In addition to considering the preclusive effect that Oregon state courts afford administrative proceedings, a federal court must consider the requirements of fairness set out in *United States v. Utah Construction and Mining Co.*, 384 U.S. 394, 422 (1966). The *Utah Construction* requirements are: (1) that the administrative agency act in a judicial capacity, (2)

that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate. *Id*. at 422. More recently, the Ninth Circuit has held that a state administrative procedure provides an adequate opportunity to litigate only if it includes some form of judicial review. *Wehrli v. County of Orange*, 175 F.3d 693, 693 (9th Cir. 1999).

Whether evaluating the "issue" of whether plaintiff's vehicle was properly towed, or the "claim" of due process, civil rights, and other alleged violations, the unreviewed conclusions of the tow hearings officer precludes this litigation.

Analyzing plaintiff's case under the issue preclusion factors, plaintiff is the same party as in the administrative hearing and the administrative hearing is the kind of proceeding to which Oregon courts give preclusive effect. Defendants provided a hearing before an impartial factfinder, plaintiff was permitted to call witnesses and cross-examine them on the record, the hearings officer issued a written decision, and plaintiff was explicitly informed of his right to appeal the decision both verbally and in writing. Having carefully reviewed the transcript of the administrative hearing, this court concludes that plaintiff raised many of the same issues in the administrative hearing that he raises in his federal complaint. At the hearing, plaintiff questioned both the individual procedures applied in his case and the overall process by which the City of Portland tows abandoned cars. The bulk of plaintiff's complaints – specifically that Layman improperly attached the "Tow Warning" notice to his automobile and then ignored plaintiff's attempts to remedy the situation – were fully addressed at the hearing and in the subsequent written decision.

Finally, plaintiff had a full and fair opportunity to litigate these issues. Although the hearing was not as formal as a court proceeding, this court agrees with defendants that Portland City Code 22.03.050 *et seq*. sets forth sufficient procedures for such a hearing, including: the

right to be represented by counsel and present evidence on all issues involved (22.03.050(B));
the hearing officer's responsibility to fully develop the record (22.03.050(F)(1-8); and the
opportunity to conduct depositions, discovery, and subpoenas (22.03.060, 22.03.070, 22.03.075).
Plaintiff utilized the procedures of the contested administrative proceeding, cross-examined
Layman and Johnson, made his arguments, and received a written decision rejecting his
arguments. Plaintiff was also notified of his right to appeal the decision, which he did not
utilize.

Under the claim preclusion analysis, the parties are identical to the parties appearing in
the administrative proceeding and plaintiff's claims arise out of the same events that were at
issue in the administrative proceeding. In response, plaintiff argues that his federal lawsuit
contains "substantial errors of constitutional magnitude, and almost entirely on matters outside
the trial record, thereby making a writ of review [to Oregon state court] impotent respective of
the plaintiff." Pl.'s Mem. in Opp. to Defs.' Mot. for Summ. J. at 8.

Plaintiff's argument is unpersuasive. Claim preclusion "does not require actual litigation
of an issue of fact or law." *Drews*, 795 P.2d at 535. Here, the hearings officer reviewed the
process by which plaintiff's automobile was towed and determined that the relevant procedures
had been followed. Plaintiff represented himself at the hearing and had the opportunity to raise
any issues arising from the seizure of his automobile. If plaintiff neglected to raise relevant
issues at the hearing, plaintiff is nonetheless barred from raising them now in a new venue.

More importantly, plaintiff was clearly notified that he could appeal the hearings officer's
decision through the Oregon state court system. In his brief, plaintiff argues that this remedy
was ineffective because his claims concern the "application of [the] Constitution and laws of the
United States, and [are] therefore properly seated in a US district court." Pl.'s Mem. in Opp. to

Defs.' Mot. for Summ. J. at 7.  It is a bedrock principle of constitutional law, however, that "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990). Because plaintiff could have asserted his constitutional claims in either the original hearing or in a subsequent state court appeal, plaintiff is precluded from raising these claims in federal court.

Additionally, the *Utah Construction* factors set forth above have been met.  The hearings officer acted in a judicial capacity to resolve issues of fact and plaintiff had an adequate opportunity to litigate all the issues and claims plaintiff seeks to litigate in this action.  In *Communications Telesystems*, the Ninth Circuit considered whether an administrative hearing provided plaintiff a "full and fair" opportunity to raise its federal claims in the state proceedings. *Commc'ns Telesystems Int'l v. Ca. Pub. Util. Comm'n*, 196 F.3d 1011, 1015 (9th Cir. 1999).  The plaintiff in *Communications Telesystems* participated in the state administrative hearing but "did not describe its federal claims" in that hearing.  *Id.* at 1015.  The only avenue by which the plaintiff could appeal the administrative decision was direct appeal to the California Supreme Court.  *Id.*  The Ninth Circuit, observing that "federal issues need not, of course, have been actually litigated in the state proceedings," held that claim preclusion applied to those federal claims.  *Id.* at 1019.  Because plaintiff could have presented its federal claims to the California Supreme Court on appeal, the court concluded that plaintiff was barred from bringing those claims in federal court.  *Id.* at 1017-21.

Similarly, this court concludes that plaintiff had a full and fair opportunity to litigate his claims during state judicial review of the administrative decision, an opportunity that plaintiff voluntarily chose to forego.  It is well established that "the availability of judicial review is a crucial factor in determining preclusive effect [of administrative decisions]." *Wehrli*, 175 F.3d at

694; *see also Misischia v. Pirie*, 60 F.3d 626, 630 (9th Cir. 1995) (precluding a § 1983 action because dentist did not seek state court judicial review, although he had the opportunity, of dental board's decision denying him a dental license); *Eilrich v. Remas*, 839 F.2d 630, 632-33 (9th Cir. 1988) (giving preclusive effect to state administrative decision where the plaintiff failed to seek judicial review).  A plaintiff "cannot obstruct the preclusive use of the state administrative decision simply by foregoing [his] right to appeal [to state court]."  *Wehrli*, 175 F.3d at 694 (quoting *Plaine v. McCabe,* 797 F.2d 713, 719 n. 12 (9th Cir. 1986)).

Portland City Code clearly specifies that "appeals from any determination by the Code Hearings Officer shall be by writ of review to the Circuit Court of Multnomah County, Oregon." Portland City Code § 22.10.060.  Plaintiff was warned both verbally and in writing that any appeal should be made in state court.  Because plaintiff decided to forego this opportunity to challenge both the underlying events and administrative hearing in state court, plaintiff is barred from bringing his claims in federal court.

## CONCLUSION

For the foregoing reasons, defendants' Motion for Summary Judgment [12] is GRANTED.  Plaintiff's claims are dismissed with prejudice.

IT IS SO ORDERED.

DATED this   3   day of February, 2009.

_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge